IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01563-WYD-MJW

HAP POOL and
DARCI POOL,

Plaintiffs,

v.

MATCO MFG, a foreign corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Motion to Strike Defendant's Rule 26 Experts for Failure to Comply with Scheduling Order (Docket No. 40) is GRANTED IN PART and DENIED IN PART, as follows.

## **Background**

The scheduling order (Docket No. 24) originally provided that affirmative expert witnesses for both parties should be disclosed by March 23, 2015, and rebuttal expert witnesses for both parties should be disclosed by April 23, 2015.

Plaintiffs designated three experts: Hap Pool, David Klepacki, and Ted Waltman.

- Mr. Pool, who is also one of the Plaintiffs, will testify to matters more properly described as lay witness testimony – but also, apparently, to his expert opinion that everything was "normal" as he landed the plane until the left brake "locked," which caused a crash. He will also testify as to damages.

- Mr. Klepacki will testify as to his investigation, reconstruction, and analysis of the accident, concluding that the defective design and manufacture of the parking brake caused the accident.

- Mr. Waltman will testify to damages.

Defendant did not designate any affirmative expert witnesses. On April 17, 2015, Defendant moved for an extension of time for rebuttal experts. The Court granted the motion, extending the deadline for rebuttal experts to May 22, 2015. On May 22, 2015, Defendant disclosed two experts: Thomas Pratt and George Happ.

- Mr. Pratt will testify to Plaintiff's design and assembly of the aircraft (generally and specifically as to the parking brake), the design of the parking brake at issue, the cause of the accident, and the Klepacki report.

- Mr. Happ will testify to those same topics, but will also apparently opine that Plaintiffs haven't proven that they purchased the parking brake valve in the condition it existed in when manufactured by Defendant, nor that it was inherently defective.

Plaintiffs now move to strike both of Defendants' experts, on the ground that the experts cannot fairly be considered rebuttal experts and were not timely disclosed as affirmative experts.

Discussion

Under Rule 26(a)(2)(D)(ii), rebuttal experts must address the "same subject matter" as the opposing party's affirmative experts. But "[s]uch evidence is not tied to any particular witness; it is tied to whether the party with the affirmative burden has presented evidence and/or testimony from a duly disclosed expert on the same subject matter as that which will be rebutted by the disclosed rebuttal expert." *Bleck v. City of Alamosa, Colo.*, No. 10-cv-03177-REB-KMT, 2012 WL 695139, at *4 (D. Colo. Mar. 5, 2012). The rebuttal expert need not address the testimony of the other party's expert, nor must the rebuttal expert address the same methodology. *See, e.g.*, *Armstrong v. I-Behavior Inc.*, No. 11-cv-03340-WJM-BNB, 2013 WL 2419794 (D. Colo. June 3, 2013) (vocational consultant who focused on qualitative analysis provided evidence on same

subject matter as economist who focused on quantitative analysis).

By designating its expert witnesses as rebuttal witnesses, Defendant runs the risk that there will be nothing to rebut: if Plaintiff does not offer its affirmative experts, or limits the scope of those experts to particular subject matters, Defendant will not be allowed to offer its rebuttal experts. *See Bleck*, 2012 WL 695139, at *4 ("It is irrelevant through which expert witness that evidence is elicited; that it actually *be elicited* in the course of Plaintiff's case-in-chief is the determining factor in the context of the admissibility analysis."). But so long as Defendant's proposed experts address the same subject matters as Plaintiffs' proposed experts, Defendant is within its rights to run this risk.

Here, the majority of the proposed testimony by Mr. Pratt and Mr. Happ falls within the same subject matter as the proposed testimony of Mr. Pool and Mr. Klepacki. The Court has only two reservations about Defendant's rebuttal experts.

First, both of Defendant's experts will apparently testify to the design and assembly of the aircraft by Mr. Pool – a topic which seems to be outside the subject matter of Mr. Klepacki's report and perhaps outside the "expert" portion of Mr. Pool's testimony. But this is a problem Plaintiffs have created by designating Mr. Pool, the lead lay witness in this case, as an expert. Further, both Mr. Pool and Mr. Klepacki will testify to causation, and Defendant's alternative theory of causation is indisputably within that same subject matter; if Defendant's alternative theory of causation is based on how Mr. Pool assembled the aircraft, then such assembly is proper rebuttal testimony. Accordingly, the Court will not strike this portion of Defendant's experts' testimony.

The Court's second reservation relates to Mr. Happ's proposed testimony. Mr. Happ's proposed testimony falls into seven categories, enumerated (i) through (vii). The second category, (ii), states: "Plaintiffs have not presented any evidence that they purchased the Valve in the condition it existed when manufactured by MATCO." (Docket No. 48-3, p.2.) This is well outside the subject matter of Plaintiffs' proposed expert testimony. Indeed, it seems unlikely even to qualify as a proper subject for expert testimony under Federal Rule of Evidence 702. Accordingly, the Court will strike it.

The remainder of Mr. Happ's testimony bears on causation and the role of the parking brake valve in the accident – and it is therefore within the same subject matter as Plaintiffs' experts' testimony.

## Order

The Motion to Strike Defendant's Rule 26 Experts for Failure to Comply with Scheduling Order (Docket No. 40) is GRANTED IN PART and DENIED IN PART, as follows:

- Part (ii) of George Happ's proposed testimony is STRICKEN;
- The motion is DENIED in all other respects.

Date: June 23, 2015