IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01563-WYD-MJW

HAP POOL and
DARCI POOL,

Plaintiffs,

v.

MATCO MFG, a foreign corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendant's Motion to Strike Plaintiffs' First Supplemental Rule 26 Disclosure and Supplemental Discovery Response (Docket No. 54) is GRANTED, for the following reasons.

      Federal Rule of Civil Procedure Rule 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

"'The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.'" *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* (quoting *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998)). That said,

> the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.*

Here, it cannot reasonably be disputed that Defendant is prejudiced by the disclosure, after the discovery cut-off and one month before the Final Pretrial Conference, of a second accident involving its parking brake and a witness to that accident. And Plaintiffs have not established any justification for the late disclosure. Plaintiffs represent that (1) their expert, Dave Klepacki, identified the other incident as *potentially* relevant at some unidentified time, and (2) Plaintiffs made their disclosure within days of determining that the accident was *actually* relevant. But Plaintiffs make no representation as to when Mr. Klepacki identified the accident in the first place, nor why it took so long to determine the accident's relevance. As a result, Plaintiffs have not established that the relevance of the evidence was could not have been timely known despite their exercise of all due diligence.

Similarly, Plaintiffs have made no showing of why Mr. Pool's letter to the NTSB was not located until June 18, 2015. Plaintiffs represent that an additional search for old emails was conducted in response to defense counsel's request during an April 7, 2015, deposition – but there is no explanation as to why that additional search was not conducted until two months later. Further, the letter actually disclosed to Defendant is not an email, no representation has been made that the letter was an attachment to an email not provided to the Court. Plaintiffs have not established how an additional search for lost emails uncovered this letter, nor why a purportedly "old" and "unused" computer was not searched earlier despite containing apparently relevant evidence.

Given the late date of these disclosures and the substantial disruption at trial that they would cause, it is hereby ORDERED that Plaintiffs are barred from offering at trial the evidence disclosed in their June 30, 2015, supplemental disclosure and discovery response.

Date: July 29, 2015