IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01563-WYD-MJW

HAP POOL and
DARCI POOL,

Plaintiffs,

v.

MATCO MFG, a foreign corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant's Motion for Sanctions for Plaintiffs' Spoliation of Evidence (Docket No. 45) is GRANTED IN PART and DENIED IN PART, as follows.

"A spoliation sanction is proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). The Court finds that both of these conditions are satisfied here.

As to the first factor, Plaintiff Hap Pool is an experienced pilot and FAA-certified mechanic with nearly four decades of aviation experience. (Docket Nos. 53-1, 45-10 p.2.) The Court finds it patently non-credible to suggest that Mr. Pool was unaware of his legal obligations to preserve the crash wreckage for inspection. Further, the record shows that Mr. Pool had hired David Klepacki of ESI no later than September 2012 to prepare an investigative report in this case. (Docket No. 45-10, p.6.) Drawing reasonable inferences from these facts, the Court finds that Mr. Pool reasonably should have known, and more likely than not did actually know, that litigation was imminent following his plane crash. He was therefore under a duty to preserve evidence.

As to the second factor, the Court finds that Mr. Pool failed to meaningfully document his disassembly and reassembly of the parking brake valve. As a result, Defendant is unable to develop evidence that might have established comparative negligence, alternative theories of causation, or other defenses. Plaintiffs represent in their brief, and their expert report states, that Mr. Pool's inspection did not materially alter the condition of the parking brake valve. But Defendant is not required to simply

accept Plaintiffs' self-serving representation on this point; Defendant is entitled to evaluate the evidence itself, and Defendant is unable to do so because of Mr. Pool's actions. The Court therefore finds that Defendant has been prejudiced by the destruction of evidence.

      As a sanction for spoliation, the Court hereby ORDERS that Mr. Pool shall be prevented from testifying, as either a lay witness or a proposed expert witness, as to: (1) the original condition of the parking brake valve, (2) the results of Mr. Pool's July 2012 inspection of the wreckage, (3) Mr. Pool's observations regarding the original condition of the parking brake valve, and (4) Mr. Pool's opinions formed based on July 2012 inspection. To this extent, the motion is granted.

      Defendant requested broader sanctions, asking that Plaintiffs be prohibited from offering any evidence at all on these topics or on Mr. Pool's July 2012 inspection of the parking brake valve. The Court finds, however, that (outside of Mr. Pool's own testimony) the prejudice to Defendant can be mitigated through cross-examination based upon the fact of Mr. Pool's July 2012 inspection. Thus, to the extent Defendant seeks sanctions broader than those imposed above, the motion is denied.

Date: July 29, 2015