IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01563-WYD-MJW

HAP POOL and
DARCI POOL,

Plaintiffs,

v.

MATCO MFG, a foreign corporation,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant's Motion to Strike (Docket No. 80) is GRANTED IN PART and DENIED IN PART, as follows.

The Court has reviewed the parties' filings (Docket Nos. 80, 81, & 83), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law.  Now being fully informed, the Court makes the following orders.

Defendant asks the Court to strike four categories of exhibits/statements from Plaintiffs' Brief in Opposition to Defendant's Motion for Summary Judgment (Docket No. 65): the Klepacki Affidavit (Docket No. 65-7); the entire Pool affidavit (Docket No. 65-2); portions of the Pool affidavit (Docket No. 65-2  ¶¶ 11-13); and the NTSB Report (Docket No. 65-9).  Defendant makes a different argument as to each category, but the arguments all relate to Plaintiffs' alleged failure to honor their discovery obligations.

**The Klepacki Affidavit**

First, Defendant moves to strike the affidavit of Plaintiffs' expert, David Klepacki (Exhibit 6, Docket No. 65-7), as well as all references to the affidavit in Plaintiffs' brief (Docket No. 65, pp. 16-18, 21-25, 27-28, 33, & 35).  Defendant argues that these items must be stricken because the affidavit offers new, untimely opinions rather than merely expanding upon Mr. Klepacki's timely disclosed opinions.  *See* Fed. R. Civ. P. 26(a)(2)(B); *Gustafson v. Am. Family Mut. Ins. Co.*, Case No. 11-cv-01303-PAB-MEH, 2012 WL 5904048, at *7-8 (D. Colo. 2012) (experts are expected to "supplement, elaborate upon, explain and subject [themselves] to cross-examination upon" their reports but may not testify to matters "beyond the scope" of their reports).  Defendant focuses on Paragraphs 7 and 8 of the affidavit, arguing that the opinions expressed in those paragraphs are not grounded on anything in Mr. Klepacki's expert report. Notably, in preparing to depose Mr. Klepacki, Defendant specifically asked for any supplemental reports – and although Plaintiffs produced photographs, they produced no supplemental reports.  (Docket No. 81, p.9.)

Paragraph 7 lists 5 alleged flaws in the manufacture, design, or instructions of Defendant's parking brake valve.  In response to Defendant's motion, Plaintiffs argue that Mr. Klepacki's report "is replete with criticisms of the design of the valve and inadequate instructions."  (Docket No. 81, p.10.)

Mr. Klepacki's first three points, in Paragraphs 7.a., 7.b., and 7.c., note deposition testimony by Defendant's president and opines that the testimony, if true, either exacerbates or fails to mitigate the failure-to-warn and design problems noted in Mr. Klepacki's report.  This is mere elaboration and not a new opinion; as to Paragraphs

Paragraphs 7.a., 7.b., and 7.c., Defendant's motion is DENIED.

Mr. Klepacki's fourth point, in Paragraph 7.d., is the closest question. Mr. Klepacki's report opines at length about the defective design of the parking brake valve, opining that it should have been set to open when the lever arm was perpendicular rather than at 30 degrees, that a mechanical stop should have been used, and that the drawings fail to explain clearly the margin of safety required by this design. His report also opines on the defective manufacture of the dowel pins. At no point in the report, however, does Mr. Klepacki connect those two thoughts. In Paragraph 7.d. of his affidavit, he does. He testifies there that, had the dowel pins been designed better, the overall valve design would have been corrected and safe. This is not an opinion that appears anywhere in Mr. Klepacki's report, nor can it be said to be fairly within the scope of that report. As to Paragraph 7.d., Defendant's motion is GRANTED.

Mr. Klepacki's fifth point, in Paragraph 7.e., merely elaborates on the portion of Mr. Klepacki's report to which it cites. As to Paragraph 7.e., Defendant's motion is DENIED.

Paragraph 8 of the affidavit opines that, of the possible ways to insert the parking brake valve's two dowel pins and poppets into place, only one combination can account for the malfunction that allegedly caused the accident at issue in this case. In response to Defendant's motion, Plaintiffs apparently concede that this is outside the scope of the original report, arguing only that Paragraph 8 responds to Defendant's spoliation argument (which was not made until after expert disclosures were due). This argument is unavailing. If Plaintiffs believe that expert opinion is necessary to rebut Defendant's spoliation argument, Plaintiffs' remedy is to move to reopen discovery for that purpose.

What Plaintiffs may *not* do is simply introduce, on summary judgment, new expert testimony that has not been subjected to Rule 26's disclosure and discovery process.

Defendant's motion is DENIED as to Paragraphs 7.a, 7.b., 7.c., and 7.e. of Mr. Klepacki's affidavit, and GRANTED as to Paragraphs 7.d. and 8 of Mr. Klepacki's affidavit.[1]  Paragraphs 7.d. and 8 of Mr. Klepacki's affidavit are STRICKEN, as are any portions of Plaintiffs' brief relying on those paragraphs.

### The Pool Affidavit: Argument 1

Second, Defendant argues that Plaintiff Hap Pool's affidavit (Docket No. 65-2) must be stricken because it is unsworn.  Plaintiffs submitted an affidavit complying with 28 U.S.C. § 1746 with their response (Docket No. 81-1), and Defendant does not press the issue in their reply (Docket No. 83).  This portion of Defendant's motion is DENIED AS MOOT.

### The Pool Affidavit: Argument 2

Third, Defendant argues that portions of Mr. Pool's affidavit (Docket No. 65-2 ¶¶ 11-13; *see also* Docket No. 81-1 ¶¶ 11-13), several references in the brief (Docket No. 65, p.2 (¶¶ 3-4), p.6 (¶ 28), p.11-13 (¶¶ 44, 45, 52, 53, 56), p.28, p.32-33), and a photograph exhibit (Docket No. 65-8) should all be stricken because they violate the Court's order as to spoliation sanctions (Docket No. 64).  That order prohibited Plaintiffs from offering Mr. Pool's testimony as to the original condition of the parking brake valve

---

[1] In Defendant's Reply, Defendant also argues that (1) Mr. Klepacki's testimony is inadmissible because he is not listed as a witness in the final pretrial order, and (2) Mr. Klepacki's testimony is improper under Fed. R. Evid. 702 because it is mere *ipse dixit* testimony unconnected to reliable methods or facts.  These arguments were made for the first time in the Reply, and as a result they will be summarily disregarded.

(among other things).  (*Id.*)

As to the portions of the brief and the photograph exhibit that Defendant asked to have stricken, Plaintiffs respond that they do not involve Mr. Pool's testimony and therefore do not violate the spoliation order.  Defendant's reply does not respond to this argument.  Regardless of whether this was an oversight by Defendant or a concession, the Court agrees with Plaintiffs' argument as to the portions of the brief and the photograph exhibit that Defendant asked to have stricken.  These items do not violate the Court's spoliation order, for the reasons set forth in the Court's order denying Defendant's motion for clarification.  (*See* Docket No. 74.)

As to Mr. Pool's affidavit, the Court does not consider Paragraphs 11 and 12 of Mr. Pool's affidavit to relate to the "condition" of the parking brake valve; nor does the second sentence of Paragraph 13.  However, the first sentence of Paragraph 13 of Mr. Pool's affidavit clearly relates to the condition of the parking brake valve.  As a result, Defendant's motion is GRANTED as to the first sentence of Paragraph 13 of Mr. Pool's affidavit; that sentence is STRICKEN, as is any portion of Plaintiffs' brief relying on the fact alleged in the first sentence of Paragraph 13 of Mr. Pool's affidavit.  In all other respects, Defendant's motion is DENIED as to Mr. Pool's affidavit.

### The NTSB Report

Fourth, Defendant asks that Exhibit 8 (Docket No. 65-9) be stricken because the Court already ruled (Docket No. 63) that Plaintiffs failed to timely disclose it and therefore cannot introduce it at trial.  Plaintiffs correctly respond that they are still allowed to use the exhibit for impeachment rather than as part of their case-in-chief.  *See* Fed. R. Civ. P. 26(a)(1)(B).

Defendant, without citing Fed. R. Evid. 104(b), argues that Plaintiffs have not established the factual prerequisites for their impeachment theory. Defendant's argument is duly noted, and Defendant should take care to raise this matter at trial if need be. For now, however, the Court is confident that Judge Daniel will properly consider whether the predicate facts are established for purposes of summary judgment and, if so, the appropriate weight to give the impeachment evidence. As to Exhibit 8, Defendant's motion is DENIED.

## Conclusion & Order

For the foregoing reasons, Defendant's motion to strike (Docket No. 80) is granted as to:

- Paragraphs 7.d. and 8 of the Klepacki affidavit (Docket No. 65-7);
- The first sentence of Paragraph 13 of the Pool affidavit (Docket Nos. 65-2 & 81-1); and
- Any portions of Plaintiffs' brief expressly relying on the facts set forth by the stricken testimony.

Defendant's motion to strike is denied in all other respects.

Date: October 20, 2015